## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

SHERWOOD SIMMONS,                               *
                                                *
                        Plaintiff,              *
                                                *
v.                                              *
                                                *        No. 2:13CV00071-SWW-JJV
                                                *
WOODRUFF COUNTY JAIL; *et al.,*                 *
                                                *
                        Defendants.             *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      INTRODUCTION

While detained in the Woodruff County Jail, Mr. Simmons filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his serious medical needs. After careful review of his Complaint, the Court finds that Plaintiff fails to state a claim on which relief may be granted and his Complaint (Doc. No. 2) should be DISMISSED.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are: (a) legally frivolous; (b) malicious, or fails to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. §§ 1915A(b), (e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,*

2

780 F.2d 1334, 1337 (8th Cir. 1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

## III.   ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.      Woodruff County Jail

Mr. Simmons names Woodruff County Jail as a defendant.  It is well settled that jails are not persons or legal entities subject to suit under 42 U.S.C. § 1983.  *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (citing *De La Garza v. Kandiyohi Cnty. Jail*, 18 Fed. Appx. 436, 437, 2001 WL 987542 (8th Cir. 2001) (unpublished per curiam) (county jails are not amendable to suit)); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993).  Accordingly, the Court finds that Mr. Simmons's claims against Woodruff County Jail should be DISMISSED for failure to state a claim on which relief may be granted.

### B.      Sheriff Stacy Barker

Mr. Simmons fails to make any  specific allegations against Woodruff County Sheriff Stacy Baker.  To the extent that Mr. Simmons's claims against Sheriff Barker are based on respondeat superior liability, it is well settled that jail officials may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory.  *See Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).  A cause of action predicated on a jail official's failure to supervise or control his subordinates may be maintained only if the plaintiff can demonstrate that the official acted with deliberate indifference or tacitly authorized the offensive act.  *See White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994).  Likewise, supervisory liability for a pervasive and unreasonable risk of harm from a specified source must be based on deliberate indifference or tacit authorization.  *Id.*

After careful review of the Complaint (Doc. No. 2), the Court finds that Mr. Simmons fails to offer any evidence that Sheriff Barker acted with either deliberate indifference or tacitly authorized the violation of his constitutional rights.  Therefore, Plaintiff fails to state a claim on

which relief may be granted against Sheriff Barker, and he should be dismissed as a defendant.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. No. 2) should be DISMISSED without prejudice.

2.      Dismissal of the complaint should constitute a "strike" within the meaning of the

Prison Litigation Reform Act.[1]

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

*pauperis* appeal from an order adopting this recommendation and an accompanying judgment would

not be taken in good faith.

DATED this 28th day of June 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).